UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| TIMOTHY CRAIG TEMPLETON | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-195 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## MEMORANDUM OPINION

The plaintiff Timothy Craig Templeton has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Templeton was born in 1961 and was 43 years old at the time of his administrative hearing. [Tr. 190]. He completed high school and has relevant past work experience as a shipper and crane operator. [Tr. 12]. Mr. Templeton alleges he is disabled as of May 30, 2003, from a herniated disc and constant pain in his lower back. [*Id.*]. Based upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Templeton was not

disabled as defined by the Social Security Act. [Tr. 15].

At Mr. Templeton's administrative hearing held on February 3, 2005, the testimony of Mr. Templeton and vocational expert Cathy Sanders was received into evidence. [Tr. 179-95]. Mr. Templeton testified he "made it by" in school. [Tr. 179]. He worked for at least 23 years at a glass plant. [Tr. 180]. Mr. Templeton had various jobs, including packing glass, working on the float line, building crates, and running an overhead crane. [*Id.*]. Mr. Templeton was hurt on the job in May 2003. [Tr. 182]. Aside from his back pain, he also suffers from high blood pressure and depression. [Tr. 187, 189].

Vocational expert Cathy Sanders testified next that Mr. Templeton's past relevant work as a crane operator was heavy and skilled and his work as a shipper was heavy and unskilled. [Tr. 192]. The ALJ then asked her to assume a man of Mr. Templeton's age, education, and work background who was restricted to light work which would require lifting of up to 20 pounds occasionally and 10 pounds frequently. [*Id.*]. Such a person would also need a simple, unskilled job that allowed for frequent postural changes. [*Id.*]. The vocational expert testified such a person could work as a gate guard, parking lot attendant, information clerk, and ticket clerk. [Tr. 193].

The ALJ ruled that Mr. Templeton was not disabled because his musculoskeletal impairments and intellectual impairment were not severe enough for

2

a finding of disability. [Tr. 15]. The ALJ then found Mr. Templeton retained the residual functional capacity [RFC] to perform simple, unskilled light work that allows for frequent postural changes. [Tr. 16]. With those limitations, Mr. Templeton could perform work that exists in significant numbers in the national economy. [Tr. 17].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Templeton requests summary judgment and challenges the ALJ's finding that he could perform light work. The ALJ determined Mr. Templeton retained the RFC to perform simple, unskilled light work that allows for frequent postural changes. [Tr. 16]. Light work involves lifting no more than 20 pounds at a time with the frequent lifting of up to 10 pounds. It also involves a considerable amount of standing

3

and walking. 20 C.F.R. § 404.1567(a). Mr. Jeff Snodgrass of Wellmont Rehabilitation Services assessed Mr. Templeton in December 2003. [Tr. 119-43]. He found Mr. Templeton could lift up to 10 pounds occasionally and carry, push, and pull up to 20 pounds occasionally. [Tr. 142]. Dr. John Raff, one of Mr. Templeton's treating physicians, indicated in January 2004 that he could lift no more than 20 pounds occasionally, 10 pounds frequently, and five pounds continuously. [Tr. 111]. Dr. Raff based this opinion on the results of examinations obtained by Mr. Snodgrass. There is no evidence in the medical record from an *examining* health care provider that Mr. Templeton could not perform light work, and there is evidence from two examining health care providers that he could perform light work. As such, the ALJ's determination that Mr. Templeton could perform simple, unskilled light work that allows for frequent postural changes was made with substantial evidence.

Mr. Templeton also contends the ALJ erred by ignoring the testimony of the vocational expert. During the administrative hearing, vocational expert Cathy Sanders testified that Mr. Templeton would be unable to work if his pain frequently interfered with his ability to concentrate and persist at work tasks. [Tr. 194]. The ALJ, however, found that Mr. Templeton's allegations of disabling pain were not entirely credible. [Tr. 17]. Essentially, then, because the ALJ discounted any notion that Mr. Templeton's pain was so severe that he would be unable to concentrate and perform,

4

he necessarily discounted the vocational expert's testimony. The ALJ's decision was not in error, and this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

Finally, Mr. Templeton asks this court for a remand pursuant to the sixth sentence of 42 U.S.C. § 405(g) for new evidence. The alleged new evidence is a May 2005 statement from Dr. Raff. [Tr. 174]. In the statement, the doctor indicated Mr. Templeton could occasionally lift 10 pounds and frequently lift five pounds. [*Id.*]. Dr. Raff also indicated that Mr. Templeton would have to "be free to alternate between sitting or standing positions at will as dictated by symptoms of back pain and leg numbness" and could only work for four hours a day. [*Id.*]. Dr. Raff wrote that he had been out of the country on military duty from May 11, 2004, until May 2, 2005. [*Id.*].

This court can remand the case to the Commissioner upon a showing by Mr. Templeton that this new evidence is material to his case and that there was good cause for his failure to include this evidence earlier. 42 U.S.C. § 405 (g). Evidence is new only when it was not in existence *and* not available prior to an ALJ's decision. *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). Evidence is material if there is a reasonable probability the ALJ would have reached a different decision had the additional evidence been presented. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir.

5

2001).

This court finds the evidence is not material because Dr. Raff failed to explain why his opinion of Mr. Templeton's abilities changed from January 2004[1] to May 2005, especially since the doctor was admittedly out of the country and not treating Mr. Templeton for the majority of that time. Without an explanation for the change, it is unlikely the ALJ would have reached a different conclusion. In addition, the evidence in not new, insofar as Dr. Raff could have filled out a similar statement prior to his leaving for military duty. And, Mr. Templeton has not provided sufficient explanation for why Dr. Raff did not complete such a form earlier.

Because the evidence from Dr. Raff was not material and good cause was not provided for the failure to include this evidence earlier, Mr. Templeton's request for a remand pursuant to sentence six of 42 U.S.C. § 405 (g) is denied.

After careful consideration of the entire record of proceedings related to this case, Mr. Templeton's motion for summary judgment will be denied, the defendant's motion for summary judgment [Doc. 14] will be granted, and this action will be dismissed.

---

[1] In January 2004, Dr. Raff indicated Mr. Templeton could lift no more than 20 pounds occasionally, 10 pounds frequently, and five pounds continuously. [Tr. 111].

An appropriate order will follow.

ENTER:

                                                s/Thomas Gray Hull
                                               THOMAS GRAY HULL
                                                  SENIOR U. S. DISTRICT JUDGE